**LI EN HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2407–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Jeannine Quijije, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Li En Huang, a native and citizen of the People's Republic of China, seeks review of an April 16, 2008 order of the BIA affirming the December 6, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lien Huang*, No. A99 533 627 (B.I.A. Apr. 16, 2008), *aff'g* No. A99 533 627 (Immig. Ct. N.Y. City Dec. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion and fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsisten-

cies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Under the REAL ID Act, the agency's adverse credibility determination was supported by substantial evidence. The IJ properly noted that there were several inconsistencies between Huang's testimony and his uncle's statement. Such inconsistencies concerned: the date of Huang's first and second arrests, whether his uncle visited him at the police station when Huang was first apprehended, whether Huang spent time at his uncle's home after he was released, Huang's location at the time of his second arrest, and whether Huang visited his parents before he left the country. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the IJ found that Huang's testimony was inconsistent with a medical report regarding an injury he allegedly sustained while in detention. Taken as a whole, these findings were sufficient to support the IJ's conclusion that Huang was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–185 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of adverse credibility finding made in the

asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).